1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9  AT TACOMA

10  SUNEET S. BATH, DMD PS, d/b/a
Impressions Dentistry Family Cosmetics,
11  individually and on behalf of others similarly
situated,
12

Plaintiff,
13

v.
14

TRAVELERS CASUALTY INSURANCE
15  COMPANY OF AMERICA, an insurance
company,
16

Defendant.
17

No.: 2:20-cv-00774

NOTICE OF REMOVAL OF DEFENDANT
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA

18  TO:          Clerk of the Court

19  AND TO:     Suneet S. Bath, DMD PS, Plaintiff

20  AND TO:     Ian S. Birk and Keller Rohrback, LLP, and Mark A. Wilner and Gordon

21  Tilden Thomas & Cordell, Attorneys for Plaintiff

22          Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Travelers Casualty

23  Insurance Company of America ("Travelers") hereby removes to this Court the state court

24  action described below.

25  ///

26

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

## I.  BACKGROUND

1.      On April 17, 2020, Plaintiff Suneet S. Bath d/b/a Impressions Dentistry Family Cosmetics filed a Complaint (the "Original Complaint") in the Washington State Superior Court in and for Thurston County, in the matter entitled *Suneet S. Bath, DMD PS v. Travelers Casualty Insurance Company of America*, Case No. 20-2-01421-34 (the "State Court Action").[1]

2.      On April 22, 2020, Plaintiff served a copy of the Original Complaint on the Office of the Washington Insurance Commissioner (the "OIC"), which accepted service on behalf of Travelers.  The OIC subsequently mailed a copy of the Original Complaint to Travelers—in other words, Travelers did not actually receive a copy of the Original Complaint until after April 22, 2020.[2]

3.      On May 13, 2020, Plaintiff filed an Amended Complaint (the "Amended Complaint") in the Washington State Superior Court in and for Thurston County converting the matter to a class action.[3]  Plaintiff now asserts claims against Travelers individually and on behalf of all other similarly situated members of a proposed national class and Washington subclasses.

4.      This Notice of Removal is timely filed within 30 days of Travelers's receipt of the Original Complaint pursuant to 28 U.S.C. § 1446(b).[4]

///

---

[1] Original Complaint, *Bath v. Travelers Cas. Ins. Co. of Am.*, Thurston Cty Case No. 20-2-01421-34.

[2] *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir 2019) (holding that "the thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent, and began in this case only when [the insurer] actually received [the insured's] complaint").

[3] Amended Complaint, *Bath v. Travelers Cas. Ins. Co. of Am.*, Thurston County Case No. 20-2-01421-34.

[4] *See* 28 U.S.C. § 1446(b)(1) (permitting removal within 30 days after the defendant receives service of process); *see also Anderson*, 917 F.3d at 1130.

## II. **JURISDICTION**

5.      The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because there is complete diversity of citizenship between Travelers and Plaintiff, and the amount in controversy exceeds $75,000, thus granting this Court original jurisdiction under 28 U.S.C. § 1332(a).

6.      Complete diversity exists between the class representative and the defendant because Plaintiff and Travelers are citizens of different states.[5]

a.      When removing a class action under § 1332(a), only the citizenship of the named parties counts for purposes of determining complete diversity—that is, all class representatives must be diverse from all defendants.[6]  The citizenship of unnamed class members is disregarded during the diversity analysis under § 1332(a).[7]

b.      Plaintiff, the only class representative, is a Washington professional services corporation with its principal place of business in Washington.

c.      Travelers, the only defendant, is a Connecticut corporation with its principal place of business in Connecticut.

7.      The amount in controversy exceeds $75,000 for at least one named plaintiff, exclusive of interest and costs.

a.      When removing a class action under § 1332(a), the amount in controversy requirement is met if the matter in controversy exceeds $75,000 for at

---

[5] *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (holding that at the removal stage, the defendant need only "allege (not prove) diversity").

[6] *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007) (citing *Snyder v. Harris*, 394 U.S. 332, 340 (1969)).

[7] *Gibson v. Chrysler Corp.*, 261 F.3d 927, 931 n. 2 (9th Cir. 2001) (citing *Supreme Tribe of Ben-Hur v. Cauble*, 255 U.S. 356, 366-67 (1921)).

NOTICE OF REMOVAL OF DEFENDANT TRAVELERS CASUALTY    PAGE 3
INSURANCE COMPANY OF AMERICA
NO.: _____

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

least one named plaintiff.[8]  The Court then has supplemental jurisdiction under §

1367(a) over claims of putative class members, even if some of those fall below

$75,000.[9]

       b.     In declaratory relief actions, "the amount in controversy is measured by

the value of the object of the litigation."[10]  The value of the object of the litigation is

determined by "the pecuniary result to either party which the judgment would directly

produce."[11]

       c.     Where a plaintiff's complaint does not specify the amount in

controversy, the defendant may do so in the notice of removal.[12]  Further, a notice of

removal "need include only a plausible allegation that the amount in controversy

exceeds the jurisdictional threshold."[13]

       d.     In the Amended Complaint, Plaintiff seeks two forms of declaratory

relief:  (1) Plaintiff seeks a declaration that insurance policies issued by Travelers

provide coverage for Plaintiff's alleged past and continued losses of business income

and extra expenses resulting from the interruption to its business caused by the

COVID-19 pandemic;[14] and (2) Plaintiff seeks a declaration that Travelers is

---

[8] *Lewis*, 627 F.3d at 398 (9th Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-559 (2005) (internal citation omitted)).

[9] *Exxon Mobil*, 545 U.S. at 558-59.

[10] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).

[11] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (quoting *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001)).

[12] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).

[13] *Id*. at 89.

[14] Amended Complaint, VII. Prayer at ¶ 1.

---

NOTICE OF REMOVAL OF DEFENDANT TRAVELERS CASUALTY     PAGE 4     **Bullivant|Houser|Bailey PC**
INSURANCE COMPANY OF AMERICA     925 Fourth Avenue, Suite 3800
NO.: _____     Seattle, Washington 98104
Telephone: 206.292.8930

responsible for timely and fully paying for all such past and continued losses.[15]

Plaintiff also seeks pre-judgment interest, and its reasonable attorney fees and costs.[16]

  e. In addition, Plaintiff seeks an award of damages.[17]  Plaintiff seeks to recover contractual damages for benefits allegedly owed under a policy or policies issued by Travelers, including but not limited to alleged policy benefits owed for business interruption, extra expense, extended business interruption, interruption by civil authority, and other expenses.[18]

  f. Based upon financial information Plaintiff provided to Travelers in connection with the underwriting of its policy, Travelers understands that Plaintiff seeks to recover more than $75,000, exclusive of interests and costs, for its alleged contractual damages.  That is, exclusive of interest and costs, the amount in controversy for Plaintiff alone plainly exceeds $75,000.  Out of respect for Plaintiff's potential concerns about confidentiality, Travelers has not set forth Plaintiff's financial information in detail herein; but Travelers will make this financial information available to the Court if requested or in the event that a motion to remand is filed.  Travelers will submit this information under seal if Plaintiff so requests and the Court allows.  Because the amount in controversy for the named plaintiff exceeds the jurisdictional minimum required for removal, the class action as a whole may be properly removed to this Court.[19]

  8. This Court also has jurisdiction under the Class Action Fairness Act of 2005

---

[15] *Id*. at ¶ 2.

[16] *Id*. at ¶¶ 4-5.

[17] *Id*. at ¶ 3.

[18] *See id*., IV. Nature of Case at ¶ 23; V. Class Action Allegations at ¶¶ 28(A)-(B), (E)-(F), (I)-(J), and (M)-(N).

[19] *Exxon Mobil*, 545 U.S. at 558-559.

NOTICE OF REMOVAL OF DEFENDANT TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA NO.: _____   PAGE 5

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

("CAFA"), 28 U.S.C. § 1332(d), because this lawsuit is a "class action," as defined by CAFA, in which there is minimal diversity of citizenship, and the aggregate amount in controversy on the claims of the proposed class members exceeds $5 million.

a.    CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action."[20]    This case is a "class action" under CAFA because it was brought under a state statute or rule, namely Washington Civil Rule 23 authorizing an action to be brought by one or more representative persons as a class action.[21]

b.    This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from at least one defendant.[22]    The named Plaintiff is a citizen of Washington, where it is incorporated and has its principal place of business.[23]    Travelers is a citizen of Connecticut, where it is incorporated and has its principal place of business.[24]

c.    This case satisfies CAFA's amount in controversy requirement because the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs.[25]    CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of

---

[20] 28 U.S.C. § 1332(d)(8).

[21] *See* 28 U.S.C. § 1332(d)(1)(B); Amended Complaint, V. Class Action Allegations at ¶ 27.

[22] *See* 28 U.S.C. § 1332(d)(2)(A).

[23] Amended Complaint, III. Parties at ¶ 3.

[24] *Id.* at ¶ 4.

[25] 28 U.S.C. § 1332(d)(2).

NOTICE OF REMOVAL OF DEFENDANT TRAVELERS CASUALTY    PAGE 6
INSURANCE COMPANY OF AMERICA
NO.: _____

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

$5,000,000, exclusive of interest and costs."[26]  As the Supreme Court has explained, "the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class and determine [sic] whether the resulting sum exceeds $5 million. If so, there is jurisdiction and the court may proceed with the case."[27]  The Supreme Court has further explained that "no antiremoval presumption attends cases involving CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."[28]  To satisfy the statutory requirements for removal, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[29]

d.    Based on Plaintiffs' allegations, the amount in controversy for the proposed class claims exceeds $5 million. Plaintiff seeks to certify 16 proposed classes or subclasses, some of which are nationwide in scope and others which are limited to persons and entities in the State of Washington.[30] One of the nationwide proposed classes, for example, is defined as "All persons and entities in the United States insured under a TCICA [i.e., Travelers] policy with Business Income coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders

---

[26] *Id.*; § 1332(d)(6).

[27] *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

[28] *Dart*, 574 U.S. at 89.

[29] *Id.*

[30] Amended Complaint, V. Class Action Allegations at ¶ 28.

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

issued by Governor Inslee, other Governors, and/or civil authorities and whose Business Income claim was denied by TCICA."[31] Travelers has received more than 5,000 claims for losses of business income nationwide related to COVID-19. It is likely that the vast majority, if not all, of these alleged business income losses exceed $10,000. But even assuming a nominal sum of $1,000 for each loss of business income claim, the amount in controversy as alleged exceeds $5 million.

e. None of the exceptions to CAFA jurisdiction applies. No defendant is a citizen of the state in which the action was filed, i.e., Washington State. Accordingly, 28 U.S.C. §§ 1332(d)(3) and (d)(4) do not apply. Section 1332(d)(5)(A) does not apply because no defendant is a State, State official or other governmental entity against which this Court may be foreclosed from ordering relief. Section 1332(d)(5)(B) does not apply because the number of members of all proposed plaintiff classes in the aggregate exceeds 100, as set forth above. Section 1332(d)(9) does not apply because Plaintiffs' claims do not involve securities or the internal affairs or governance of a corporation or other form of business enterprise. Accordingly, this Court has original jurisdiction under CAFA.

### III. **VENUE AND ASSIGNMENT**

9. Venue is proper in the United States District Court for the Western District of Washington because it is the district embracing the place where the State Court Action is pending.[32]

10. Assignment is proper to the Tacoma Division of the Western District of

---

[31] *Id.* at ¶ 28(A).

[32] 28 U.S.C. § 1441(a); *see also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953).

NOTICE OF REMOVAL OF DEFENDANT TRAVELERS CASUALTY   PAGE 8
INSURANCE COMPANY OF AMERICA
NO.: _____

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

Washington because Plaintiff filed its Complaint in Thurston County, Washington, and alleges that the causes of action arose in Thurston County, Washington.[33]

## IV.  PROCEDURAL REMOVAL

11.    In accordance with 28 U.S.C. § 1446(a) and Local Civil Rule 101, a true and correct copy of the process, pleadings, and orders, as well as any additional records in the State Court Action are attached to this Notice.

12.    In accordance with 28 U.S.C. § 1446(d), Travelers will file, in Thurston County Superior Court, a notice to Plaintiff and to the State Court Clerk of Removal to the U.S. District Court.

13.    By filing this Notice, Travelers does not waive, and expressly reserves, all rights, defenses, and objections of any nature that Travelers may have against Plaintiff's claims.

DATED:  May 22, 2020.

BULLIVANT HOUSER BAILEY PC


By  *s/Daniel R. Bentson*
      Daniel R. Bentson, WSBA #36825
      E-mail:   dan.bentson@bullivant.com
      Owen R. Mooney, WSBA #45779
      Email: owen.mooney@bullivant.com

Attorneys for Defendant Travelers Casualty
Insurance Company of America

---

[33] *See* LCR 3(e).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk

of the Court using CM/ECF system, and caused to be served as follows

Ian S. Birk
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone:  206.623.1900
E-mail:  ibirk@kellerrohrback.com

Mark A. Wilner
Gordon Tilden Thomas & Cordell
600 University St Ste 2915
Seattle, WA 98101
Telephone:  (206) 467-6477
E-mail: mwilner@gordontilden.com

☐ via hand delivery.
☐ via first class mail.
☒ via email.

*Attorneys for Plaintiff*

<u>*Monica Tofoleanu*</u>
Monica Tofoleanu, Legal Assistant

4829-3191-4173.1